Amir J. Goldstein
(Cal. Bar No. 255620)
ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
Telephone: (323) 937-0400
Facsimile: (866) 288-9194

Lance A. Raphael*
lance@caclawyers.com
Stacy M. Bardo*
stacy@caclawyers.com
Michael S. Hilicki*
mike@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

Daniel J. Marovitch*
dmarovitch@marovitchlaw.com
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206

* application for admission *pro hac vice* forthcoming

*Counsel for Plaintiff*

FILED
13 NOV -5 AM 10: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENDA JONSSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USCB, INC. a California corporation d/b/a USCB AMERICA,<br><br>Defendant. | Case No. CV13-8166 FMO (SHx)<br><br>**COMPLAINT - CLASS ACTION**<br><br>Seeking Damages and Injunctive Relief Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Complaint - Class Action

1

1  Plaintiff Brenda Jonsson brings this Class Action Complaint against
2  Defendant USCB, Inc. a/k/a USCB America ("USCB") for its practice of using an
3  automatic telephone dialing system ("autodialer" or "ATDS") to call cell phones
4  with an artificial and/or prerecorded voice, in violation of the Telephone Consumer
5  Protection Act ("TCPA"), 47 U.S.C. § 227, as well as for the harassing and unfair
6  effect of such calls on Plaintiff and others, in violation of the Fair Debt Collection
7  Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Plaintiff alleges as follows
8  upon personal knowledge as to herself and her own acts and experiences, and as to
9  all other matters, upon information and belief, including based on investigation
10 conducted by and through her attorneys:

## NATURE OF THE CASE

1.  The TCPA became law on December 20, 1991, enacted in an effort to protect consumer privacy interests with respect to telecommunications. Among other things, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone

2

Complaint - Class Action

calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.").

2. Accordingly, the TCPA prohibits autodialed or artificial/prerecorded voice calls except in very limited circumstances. Specifically, and as is relevant here, the TCPA generally prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

3. Plaintiff, having by now received numerous, harassing autodialed and artificial and/or prerecorded voice calls from Defendant—despite directly requesting that such calls stop—files this Class Action Complaint against Defendant USCB, seeking relief from its illegal calling practices on behalf of herself and all others similarly situated.

## PARTIES

4. Plaintiff Brenda Jonsson is a natural person and resident of Los Angeles County, California.

5. Defendant USCB, Inc. a/k/a USCB America is a corporation incorporated under the laws of California and headquartered at 3333 Wilshire Boulevard, Suite 720, Los Angeles, California 90010. USCB is also a debt collector because it regularly uses the instrumentalities of interstate commerce to collect or attempt to collect consumer debts.

Complaint - Class Action

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012).

7. The Court has personal jurisdiction over Defendant because USCB is headquartered in and regularly conducts business in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because USCB is headquartered in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendant's causing of Plaintiff and other consumers' cell phones to be called using an autodialer and/or artificial or prerecorded voice.

## FACTS

9. Defendant USCB is a collection agency and, according to its website, "the largest privately held Receivable and Resource Management company in the State of California." See http://www.uscbamerica.com/who.php.

10. Defendant's regular business practices include contacting alleged debtors and third parties by telephone in connection with supposed consumer debts. Many of these calls are, in fact, made to numbers assigned to cellular telephones.

11. Within the four years prior to the filing of this action, Defendant caused dialing equipment to be used to dial the cellular telephone numbers of alleged debtors and others, including Plaintiff. Such equipment had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. The dialing equipment used by USCB had the capacity to dial numbers without human intervention.

12. Defendant also utilized an artificial and/or prerecorded voice in calls made in connection with its business, including with respect to calls to Plaintiff.

4

Complaint - Class Action

13. For many of the people whose cell phones were called as a result of Defendant's autodialing and artificial/prerecorded voice calling practices, Defendant acquired the individual's number through skip tracing or another indirect method, *i.e.*, Defendant did not acquire the individual's number from the individual.

14. On information and belief, including the experience of Plaintiff described herein, many of these individuals were called more than once, even after they asked that the calls stop.

### Allegations Specific to Plaintiff Jonsson

15. Defendant repeatedly called Plaintiff Brenda Jonsson's cell phone to try to collect a debt she didn't owe, *i.e.*, the debt was allegedly owed by another person she'd never heard of. Plaintiff began receiving these calls from Defendant in or around May 2013. Prior to receiving these calls, Plaintiff had no relationship with Defendant and had never even heard of USCB.

16. Defendant repeatedly caused Plaintiff's cell phone to be called in an attempt to contact the person who actually owed the alleged debt.

17. The individual Defendant was attempting to reach in causing Plaintiff's cell phone to be called is named or has a name similar to "Livingston Shasonia." Plaintiff is not "Livingston Shasonia," she has never gone by that name or any similar name, she does not know anyone with that name or a similar name, and no one with that or a similar name owns the number assigned to Plaintiff's cellular telephone.

18. Defendant predominantly or only used artificial/prerecorded voice messages in the calls it caused to be made to Plaintiff's cell phone, and many if not all of the calls were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

19. Plaintiff could hear that the calls she received from Defendant used a prerecorded and/or artificial voice. In particular, messages Defendant left on Plaintiff's cell phone were identical to each other. Further, during some of Defendant's calls, the message would pause, and then, in a different, computerized-sounding voice, identify "Livingston Shasonia" as the party for whom the call was intended, before continuing on with the message in the original voice.

20. Plaintiff could tell that the calls she received from Defendant were made using an autodialer because, in addition to using a prerecorded and artificial voice—which, alone, indicates use of an autodialer—the calls were made repeatedly to her cell phone, including even more than once a day, and frequently if not always via the same (888) 863-9820 number.

21. On information and belief, no human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls she received from Defendant, including the calls Defendant caused to be made to Plaintiff on or around May 14, 2013, May 21, 2013, and May 23, 2013, among other instances. These and other calls were made using an ATDS and an artificial and/or prerecorded voice. On information and belief, the calls were made using autodialing services through Five9, Inc.

22. On or about June 6, 2013, Plaintiff called Defendant, including at the (855) 233-6432 number provided in some of its messages as a number to contact if USCB had called the wrong person. Plaintiff was unable to reach a live representative, but left a message asking that USCB stop calling her phone. Despite this request, Defendant continued to call Plaintiff's cell phone using an autodialer and/or artificial or prerecorded voice.

23. Plaintiff was damaged by Defendant's calls. Her privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with

6

Complaint - Class Action

having to deal with the frustration of repeated, unwanted phone calls using up the airtime of her cell phone plan and forcing her to divert attention away from her business, family, and other activities.

### Class Action Allegations

24. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class (the "Class") defined as follows:

> All persons in the United States whose cell phone number, at any time between the date that is four years prior to the filing of this action and the present, Defendant or some person on Defendant's behalf caused to be called using an artificial or prerecorded voice and/or equipment with the capacity to dial numbers without human intervention, where the records of Defendant and/or its carrier(s) reflect that the person's number called (855) 233-6432 or any other number provided by Defendant for reporting wrong number calls.
>
> Excluded from the Class are Defendant, any of Defendant's attorneys, officers, or employees, Plaintiff's counsel, and any member of the judiciary overseeing this action.

25. Plaintiff is a member of the Class. Plaintiff received wrong number autodialed and/or artificial or prerecorded voice calls to her cell phone from or on behalf of Defendant, and called the (855) 233-6432 number provided in Defendant's messages to indicate as such.

26. The Class is so numerous that joinder of all members is impracticable. On information and belief, Defendant caused more than 100 cell phone numbers to be called in the four years prior to the filing of this action using an autodialer and/or artificial or prerecorded voice, where the owners of such numbers subsequently called a number provided by Defendant to indicate that it had dialed the wrong number. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief, readily

obtainable through the records of Defendant or its carrier(s), and could number in the thousands.

27. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting any individual members. Such questions common to the Class include but are not limited to:

    a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable Federal Communications Commission ("FCC") regulations and orders;

    b. Whether Defendant's conduct and policy of calling the cell phones of Plaintiff and the other members of the Class using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice constitutes unfair, unconscionable, and/or harassing conduct in connection with the attempted collection of a debt, in violation of Sections 1692d and 1692f of the FDCPA; and

    c. Damages, which can be calculated by a mechanical formula, as well as whether Defendant's violations were performed willfully or knowingly such as to warrant treble damages under Section 227(b)(3) of the TCPA.

28. Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same: Defendant violated the TCPA and the FDCPA by causing the cellular telephone number of each member of the Class, including Plaintiff, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice, in connection with the attempted collection of debts.

8

Complaint - Class Action

29. Plaintiff and her attorneys will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff will vigorously pursue her claims, and she has retained counsel competent and experienced in class and complex litigation, including cases under the Telephone Consumer Protection Act and Fair Debt Collection Practices Act.

30. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the Class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise. Courts nationwide frequently grant class certification in cases brought under the TCPA and FDCPA; no difficulties are likely to be encountered in the management of this case as a class action. If the class is certified under Rule 23(b)(3), Plaintiff anticipates the distribution of mail notice to each class member at their last-known address, or by such other practicable means as circumstances permit.

31. Defendant—in making prerecorded autodialer calls to the cell phones of Plaintiff and the other members of the Class—has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole. Prosecution of separate, piecemeal actions by individual members of the Class, should they even realize that their rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

9

Complaint - Class Action

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

32. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

33. As is relevant here, the TCPA prohibits Defendant from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service...." 47 U.S.C. § 227(b)(1)(A)(iii).

34. "Automatic telephone dialing system" refers to any "equipment which has the capacity ... (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC, charged with adopting rules implementing the TCPA, has clarified that an ATDS includes predictive dialers and any other equipment that has "the *capacity* to dial numbers without human intervention." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003)) (emphasis in original).

35. Defendant caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

36. Defendant also used an artificial and/or prerecorded voice in calls to the cell phones of Plaintiff and the other members of the Class.

37. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.

10

Complaint - Class Action

38. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation, and a maximum of treble that amount if the Court determines that Defendant's violation of the TCPA was willful or knowing. *See* 47 U.S.C. § 312(f)(1).

WHEREFORE, Plaintiff Brenda Jonsson, on behalf of herself and the Class, prays for the following relief:

 (a) An order certifying the Class defined above, appointing Plaintiff as representative of the Class, and appointing her attorneys as class counsel;

 (b) An award of damages;

 (c) An injunction prohibiting Defendant from calling Plaintiff's and the Class members' cell phone numbers using an autodialer and/or artificial or prerecorded voice; and

 (d) Such further and other relief the Court deems reasonable and just.

### COUNT II
### Violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*
### (On Behalf of Plaintiff and the Class)

39. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

40. Pursuant to the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692f. Additionally, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

11

Complaint - Class Action

41. Under the TCPA, it is illegal to make calls using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service because Congress determined that such calls are a nuisance, an aggravation, an invasion of privacy, costly and inconvenient. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

42. Defendant made calls to Plaintiff and the Class members' cellular telephones using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice for the purpose of attempting to collect consumer debts.

43. Plaintiff and the other class members had their privacy invaded and were harmed by Defendant's calls to their cell phones using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice.

44. Defendant's use of equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice to call the cell phones of Plaintiff and the other members of the Class was unfair and harassing, and constituted an unconscionable means of attempting to collect a debt.

45. USCB has, therefore, violated § 1692f and § 1692d of the FDCPA.

46. USCB's violation of the FDCPA entitles Plaintiff and the Class members to an award of damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Brenda Jonsson, on behalf of herself and the Class, prays for the following relief:

    (a) An order certifying the Class defined above, appointing Plaintiff as class representative, and appointing her attorneys as class counsel;

    (b) Damages as provided under § 1692k of the FDCPA;

12

Complaint - Class Action

      (c)    An award of attorneys' fees and costs pursuant to § 1692k of the FDCPA; and

      (d)    Such further and other relief the Court deems reasonable and just.

Respectfully submitted,

BRENDA JONSSON,
individually and on behalf of
all others similarly situated

By: _____
Amir J. Goldstein
One of Plaintiff's Attorneys

Amir J. Goldstein
(Cal. Bar No. 255620)
ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
Telephone: (323) 937-0400
Facsimile: (866) 288-9194

Lance A. Raphael*
lance@caclawyers.com
Stacy M. Bardo*
stacy@caclawyers.com
Michael S. Hilicki*
mike@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

13

Complaint - Class Action

Daniel J. Marovitch*
dmarovitch@marovitchlaw.com
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206

* application for admission *pro hac vice* forthcoming

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

BRENDA JONSSON,
individually and on behalf of
all others similarly situated

By: _____
Amir J. Goldstein
One of Plaintiff's Attorneys

Amir J. Goldstein
(Cal. Bar No. 255620)
ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
Telephone: (323) 937-0400
Facsimile: (866) 288-9194

Complaint - Class Action

14

Lance A. Raphael*
lance@caclawyers.com
Stacy M. Bardo*
stacy@caclawyers.com
Michael S. Hilicki*
mike@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington Street, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

Daniel J. Marovitch*
dmarovitch@marovitchlaw.com
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206

* application for admission *pro hac vice* forthcoming

*Counsel for Plaintiff*

Complaint - Class Action

15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Fernando M. Olguin_____ and the assigned Magistrate Judge is _____Stephen J. Hillman_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV8166 FMO SHx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 5, 2013                    By  J.Prado
       Date                              Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BRENDA JONSSON

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

USCB, INC. d/b/a USCB America

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Law Offices of Amir J. Goldstein
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
(323) 937-0400

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Telephone Consumer Protection Act, 47 U.S.C. § 227; Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
(for autodialed and artificial/prerecorded voice calls to cell phones)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _CV13-8166_

CV-71 (09/13)            CIVIL COVER SHEET                Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | Western |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 11/3/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |