Amir J. Goldstein – CA Bar No. 255620
ajg@consumercounselgroup.com
Law Offices of Amir J. Goldstein
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
t (323) 937-0400 | f (866) 288-9194

Lance A. Raphael (*pro hac vice*)
lance@caclawyers.com
Stacy M. Bardo (*pro hac vice*)
stacy@caclawyers.com
Michael S. Hilicki (*pro hac vice*)
mike@caclawyers.com
Consumer Advocacy Center, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
t (312) 782-5808 | f (312) 377-9930

Daniel J. Marovitch (*pro hac vice*)
dmarovitch@marovitchlaw.com
Marovitch Law Firm, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
t (312) 533-1605 | f (312) 488-4206

*Counsel for Plaintiff*

Gabe P. Wright – CA Bar No. 208647
gwright@klinedinstlaw.com
Klinedinst PC
501 West Broadway, Suite 600
San Diego, CA 92101
t (619) 239-8131 | f (619) 238-8707

*Counsel for Defendant*

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BRENDA JONSSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USCB, INC. a California corporation d/b/a USCB AMERICA,

Defendant.

Case No. CV13-8166 FMO (SHx)
**DISCOVERY MATTER**

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER**

Courtroom: 22; 550
Judge: Fernando M. Olguin
Magistrate Judge: Stephen J. Hillman
Complaint Filed: November 5, 2013
Trial Date: None set

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

The Parties to this action stipulate and respectfully request that the Court enter a stipulated protective order as follows:

**A. GOOD CAUSE STATEMENT**

It is the purpose of this stipulation to allow the Parties to have reasonable access to allegedly private, confidential, and legally restricted information of non-parties for the purpose of this lawsuit without the need to frequently resort to determinations of discoverability by the Court. This putative class action alleges that Defendant USCB, INC. made calls to the cell phones of Plaintiff BRENDA JONSSON and others using an automatic telephone dialing system or an artificial or prerecorded voice, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.* (Dkt. No. 1, Compl., p. 2:1-10.) Defendant, whose business involves medical debt collection, believes that the nature of this action involves confidential personal identification, financial, and medical information of the proposed class members and others including, for example, as contained in patient intake documents or account notes relating to the alleged calls to Plaintiff and the other class members. Defendant believes that producing individually identifiable health information without a protective order ensuring that it will be kept confidential would not only be detrimental to the privacy interests of the subjects of such information, but also run afoul of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), exposing Defendant to potential civil and/or criminal penalties. *See* 42 U.S.C. §§ 1320d-5; 1320d-6.

**B. DEFINITIONS**

1. Counsel. "Counsel" means:

(a) Law Offices of Amir J. Goldstein, Esq. (and their respective secretarial and other assistants who are employed by a party and to whom it is necessary to disclose Confidential Material for the purpose of this action) for Plaintiff BRENDA JONSSON and the putative class;

(b) Consumer Advocacy Center, P.C. (and their respective secretarial and other assistants who are employed by a party and to whom it is necessary to disclose Confidential Material for the purpose of this action) for Plaintiff BRENDA JONSSON and the putative class;

(c) Marovitch Law Firm, LLC (and their respective secretarial and other assistants who are employed by an party and to who it is necessary to disclose Confidential Material for the purpose of this action) for Plaintiff BRENDA JONSSON and the putative class; and

(d) Klinedinst PC (and their respective secretarial and other assistants who are employed by a party and to whom it is necessary to disclose Confidential Material for the purpose of this action) for Defendant USCB, INC.

2. Confidential Material. "Confidential Material" means any information, document, tangible thing, response to discovery requests, deposition testimony and transcript, and any other similar materials, or portions thereof, that meet all of the following criteria: (a) the material is and at all times has been actually kept confidential by the producing party; (b) the producing party has a good faith belief that the material contains or constitutes "protected health information" as defined by 45 C.F.R. § 160.103 of HIPAA; and (c) the material is marked "CONFIDENTIAL" by any party to protect it from disclosure in accordance with this Order, unless and until the Court determines that the material, or some part thereof, is not confidential.

3. Producing Party. "Producing Party" means a party to this action or non-party, and all directors, employees, and agents (other than counsel) of the party or non-party, that produces discovery material to a Receiving Party, including, but not limited to, the production of documents or testimony from a witness.

4. Receiving Party. "Receiving Party" means a party to this action, and all directors, employees, and agents (other than counsel) of the Party, that receives

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Confidential Material from a Producing Party.

5. Experts and Consultants. "Expert" means an expert engaged and/or designated by any party to this action in accordance with the Rules of Civil Procedure to provide expert opinion testimony for any party and any such expert's employed assistants and secretaries, to whom it is necessary or useful to disclose Confidential Material for the purpose of this action.

"Consultant" means any person engaged by any party to this action in preparation for trial, and any such consultant's staff, to whom it is necessary or useful to disclose Confidential Material for the purpose of this action.

## C. DESIGNATION OF CONFIDENTIAL MATERIAL

Any document, any information produced on compact disk, magnetic disk, via digital file or any other computer-related media, and any portion of oral testimony produced or given in this action that is asserted in good faith by the Producing Party to contain or constitute Confidential Material shall be so designated by such Producing Party at the time of disclosure or production. Each page of each document and the front of each disk that contains Confidential Material shall be marked on its face with "CONFIDENTIAL." Transcript pages containing or constituting Confidential Material shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page. If the Receiving Party wishes to show non-confidential portions of a document or transcript containing confidential information to a person or party not described below in Paragraph (D), it shall first redact the appropriate contents all pages designated CONFIDENTIAL or obtain approval of the Court or the Producing Party.

## D. ACCESS TO CONFIDENTIAL MATERIAL

In the absence of written permission from the Producing Party or an Order of the Court, any Confidential Material produced in accordance with the provisions of Paragraph (C) above shall be used solely for the purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed

with any person other than: (i) Counsel; (ii) Expert/Consultant(s) who are designated or engaged for the purpose of this action by the party receiving the information and their support personnel; (iii) the individual who authored, prepared or received the information ; (iv) certified court reporters taking testimony involving such Confidential Material; (v) the Receiving Party of such information and (vi) the Court and its staff, and (vii) any other person to whom disclosure is allowed by the Court.

1. Custody of Confidential Material. All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of Counsel for the parties, and no partial or complete copies thereof containing Confidential Material shall be retained by anyone else, except that Experts and Consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case. A person with custody of Confidential Material shall maintain it in a manner that limits access to qualified persons.

2. Experts and Consultants. Subject to the provisions of this Order, all Confidential Material may be disclosed to any Expert or Consultant who has agreed in writing to abide by this Stipulation. Said Experts and Consultants must execute the Declaration attached hereto as "Exhibit A".

3. Disclosure Pursuant to Consent. Confidential Material also may be disclosed to anyone so authorized by written consent obtained in advance by the Producing Party. Said persons must execute the Declaration attached hereto as "Exhibit A."

4. Compliance with HIPAA. The parties agree that this stipulation is intended to constitute a "qualified protective order," as defined by 45 C.F.R. § 164.512(e)(1)(v), as the parties (A) are prohibited from using or disclosing any designated protected health information (or other Confidential Material) for any purpose other than the litigation or proceeding for which such information is

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

requested; and (B) must return to the Producing Party, or destroy, the Confidential Material containing protected health information (including all copies made) at the end of this litigation. *See* 45 C.F.R. § 164.512(e).

**E. COURT PROCEDURES**

1. The Parties agree that persons employed by the United States District Court for the Central District of California have no duty to the Parties to protect or maintain the confidentiality of any information in any papers filed with the Court. The Confidential Material may be proffered in the trial of the case by either party (or any proceeding such as mediation or arbitration involving the same Parties and issues) subject to the Rules of Evidence and subject to the protections of the Confidential Material as set forth below.

2. For applications and motions to the Court in which a party submits Confidential Material, all documents containing Confidential Material that are submitted to the Court shall be filed with the Court in accordance with Local Rule 5.2, 79-5, *et seq.*, and any other related Local Rules and the Federal Rules of Civil Procedure. When asked, the party designating the material as confidential shall promptly identify in writing which portions of the designated material justify the confidentiality designation, so that the asking party can elect to redact that portion of the material when filing it with the Court, and thus avoid the need to seek leave to file the Confidential Material under seal. Any court hearing which refers to or described Confidential Material shall, in the Court's discretion, be in camera.

**F. HANDLING OF CONFIDENTIAL MATERIAL**

1. Nothing herein shall restrict a qualified person from making working copies, abstracts, digests, and analysis of Confidential Material for use in connection with the above-entitled action and such working copies, abstracts, digests, and analysis shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient of

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

Confidential Material from converting or translating such information into machine-readable form for incorporation in data retrieval systems used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

2. If a Producing Party, through inadvertence, produces any Confidential Material without labeling or marking or otherwise designating it as such in accordance with the provisions of this stipulation, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Material and should be treated as such in accordance with the provisions of this stipulation. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this stipulation, at which time the Receiving Party shall return the originally-produced documents and things to the Producing Party. The Receiving Party's disclosure, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this stipulation. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this stipulation. If such efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

3. Any person may be examined at a deposition and may testify concerning all Confidential Material provided that the use of the Confidential Material in the examination is undertaken by Counsel in good faith.

4. If such designation is not made at the time of the deposition, any

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

transcript containing Confidential Material shall be designated as containing such information by no later than 14 days of the date of the deposition. Otherwise, such transcript shall not be subject to this Order.

**G. DESIGNATION NOT DETERMINATIVE OF STATUS**

A party shall not be obligated to challenge the proprietary of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as Confidential Material shall not be determinative of that material's status as confidential. The parties shall resolve any dispute about the propriety of a confidentiality designation in accordance with Local Rule 37, as supplemented by the following procedure. All challenges to the propriety of a confidentiality designation shall first be made in writing by a letter, e-mail, or other document identifying the specific material challenged. Within 14 days of such a challenge, the designating party shall substantiate the basis for such designation in writing to the other party, or forever waive the protections of this Order with respect to the challenged information. The parties shall first meet and confer attempt to resolve such challenge in good faith on an informal basis. If the dispute cannot be resolved, the designating party may seek appropriate relief from the Court within 14 days after the parties' meet and confer, or else the designation is waived. The burden of proof shall be on the designating party. Any document designated as Confidential Material shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

**H. RIGHT TO FURTHER RELIEF**

Nothing in this stipulation shall abridge the right of any person to seek judicial modification or amendment of this Order.

**I. RIGHT TO ASSERT OTHER OBJECTIONS**

This stipulation shall not be construed as waiving any right to assert a claim of privilege, relevance or other grounds for not producing discovery material.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**J. FINAL DISPOSITION**

Within 60 days after final termination of this action, each party shall assemble all documents and things furnished and designated by any other party or non-party as containing Confidential Material, and all copies, summaries and abstracts thereof, and shall either (a) return such documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Material. If a party elects to destroy the documents, a Certificate of Destruction shall be served on all attorneys of record within 60 days of the final termination of this action.

**K. SURVIVAL OF OBLIGATIONS**

The obligations created by this stipulation shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this stipulation and to make such amendments and modifications to this stipulation as may be appropriate.

[SIGNATURE PAGE FOLLOWS]

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**IT IS SO STIPULATED:**

LAW OFFICES OF AMIR J. GOLDSTEIN

DATED: March , 2014

By: ______________________
Amir J. Goldstein
Attorneys for Plaintiff
BRENDA JONSSON

CONSUMER ADVOCACY CENTER, P.C.

DATED: March 13, 2014

By: ______________________
Lance A. Raphael
Stacy M. Bardo
Michael S. Hilicki
Attorneys for Plaintiff
BRENDA JONSSON

MAROVITCH LAW FIRM, LLC

DATED: March 13, 2014

By: ______________________
Daniel J. Marovitch
Attorneys for Plaintiff
BRENDA JONSSON

KLINEDINST PC

DATED: March 31, 2014

By: ______________________
Gabe P. Wright
Attorneys for Defendant
USCB, INC.

**APPROVED AND SO ORDERED.**

DATED: 4/8/14

______________________
HON. ~~FERNANDO M. OLGUIN~~
UNITED STATES DISTRICT JUDGE

Amir J. Goldstein – CA Bar No. 255620
ajg@consumercounselgroup.com
Law Offices of Amir J. Goldstein
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
t (323) 937-0400 | f (866) 288-9194

Lance A. Raphael (*pro hac vice*)
lance@caclawyers.com
Stacy M. Bardo (*pro hac vice*)
stacy@caclawyers.com
Michael S. Hilicki (*pro hac vice*)
mike@caclawyers.com
Consumer Advocacy Center, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
t (312) 782-5808 | f (312) 377-9930

Daniel J. Marovitch (*pro hac vice*)
dmarovitch@marovitchlaw.com
Marovitch Law Firm, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
t (312) 533-1605 | f (312) 488-4206

*Counsel for Plaintiff*

Gabe P. Wright – CA Bar No. 208647
gwright@klinedinstlaw.com
Klinedinst PC
501 West Broadway, Suite 600
San Diego, CA 92101
t (619) 239-8131 | f (619) 238-8707

*Counsel for Defendant*

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BRENDA JONSSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USCB, INC. a California corporation d/b/a USCB AMERICA,

Defendant.

Case No. CV13-8166 FMO (SHx)
**DISCOVERY MATTER**

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**
Courtroom: 22; 550
Judge: Fernando M. Olguin
Magistrate Judge: Stephen J. Hillman
Complaint Filed: November 5, 2013
Trial Date: None set

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## AGREEMENT CONCERNING MATERIAL COVERED BY THE STIPULATED PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Stipulated Protective Order entered in this action by the District Court of the United States of America, dated ________________, which is attached hereto, that he/she understands and agrees to its terms, and that he/she agrees to submit to the jurisdiction of the United States District Court in this matter.

DATED: ____________________ By: ______________________________