1 | Amir J. Goldstein (Cal. Bar No. 255620)
2 | ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
3 | 5455 Wilshire Blvd., Suite 1812
4 | Los Angeles, CA 90036
Telephone: (323) 937-0400
5 | Facsimile: (866) 288-9194

6
Lance A. Raphael*
7 | lance@caclawyers.com
8 | Stacy M. Bardo*   Daniel J. Marovitch*
stacy@caclawyers.com   dmarovitch@marovitchlaw.com
9 | CONSUMER ADVOCACY CENTER, P.C.   MAROVITCH LAW FIRM, LLC
10 | 180 W. Washington St., Suite 700   233 S. Wacker Dr., 84th Floor
Chicago, IL 60602   Chicago, IL 60606
11 | Telephone: (312) 782-5808   Telephone: (312) 533-1605
12 | Facsimile: (312) 377-9930   Facsimile: (312) 488-4206

13 | * admitted *pro hac vice*

14
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA JONSSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USCB, INC. a California corporation d/b/a USCB AMERICA,<br><br>Defendant. | Case No. CV13-8166 FMO (SHx)<br><br>**FIRST AMENDED COMPLAINT – CLASS ACTION**<br><br>Seeking Damages and Injunctive Relief Under the Telephone Consumer Protection Act, 47 U.S.C. § 227, Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brenda Jonsson brings this Class Action Complaint against Defendant USCB, Inc. a/k/a USCB America ("USCB") for its practice of using an automatic telephone dialing system ("autodialer" or "ATDS") to call cell phones with an artificial and/or prerecorded voice, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as for the harassing and unfair effect of such calls on Plaintiff and others, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and the Rosenthal Act, Cal. Civ. Code §§ 1788 *et seq.*

Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including based on investigation conducted by and through her attorneys:

## NATURE OF THE CASE

1. The TCPA became law on December 20, 1991, enacted in an effort to protect consumer privacy interests with respect to telecommunications. Among other things, Congress specifically recognized that the use of automated technology in calls to consumers was more intrusive and raised greater privacy concerns than calls using live representatives:

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone. For all these reasons, it is legitimate and consistent with the Constitution to impose greater restriction on automated calls than on calls placed by "live" persons.

2

First Amended Complaint – Class Action

S. Rep. No. 102-178 (Oct. 8, 1991); *see also* Pub. L. No. 102-243, § 2(12) (1991), *codified at* 47 U.S.C. § 227 ("Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.").

2.      Accordingly, the TCPA prohibits autodialed or artificial/prerecorded voice calls except in very limited circumstances. Specifically, and as is relevant here, the TCPA generally prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

3.      Plaintiff, having by now received numerous, harassing autodialed and artificial and/or prerecorded voice calls from Defendant—despite directly requesting that such calls stop—files this Class Action Complaint against Defendant USCB, seeking relief from its illegal calling practices on behalf of herself and all others similarly situated.

## PARTIES

4.      Plaintiff Brenda Jonsson is a natural person and resident of Los Angeles County, California.

5.      Defendant USCB, Inc. a/k/a USCB America is a corporation incorporated under the laws of California and headquartered at 3333 Wilshire Boulevard, Suite 720, Los Angeles, California 90010.

**6.**      USCB is also a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the instrumentalities of

3

First Amended Complaint – Class Action

interstate commerce to collect or attempt to collect consumer debts and, in the ordinary course of business, regularly engages in debt collection.

## JURISDICTION AND VENUE

7. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 747 (2012).

8. The Court has personal jurisdiction over Defendant because USCB is headquartered in and regularly conducts business in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391 because USCB is headquartered in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendant's causing of Plaintiff and other consumers' cell phones to be called using an autodialer and/or artificial or prerecorded voice.

## FACTS

10. Defendant USCB is a collection agency and, according to its website, "the largest privately held Receivable and Resource Management company in the State of California." *See* http://www.uscbamerica.com/who.php.

11. Defendant's regular business practices include contacting alleged debtors and third parties by telephone in connection with supposed consumer debts. Many of these calls are, in fact, made to numbers assigned to cellular telephones.

12. Within the four years prior to the filing of this action, Defendant caused dialing equipment to be used to dial the cellular telephone numbers of alleged debtors and others, including Plaintiff. Such equipment had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. The dialing equipment used by USCB had the capacity to dial numbers without human intervention.

4

First Amended Complaint – Class Action

13. Defendant also utilized an artificial and/or prerecorded voice in calls made in connection with its business, including with respect to calls to Plaintiff.

14. For many of the people whose cell phones were called as a result of Defendant's autodialing and artificial/prerecorded voice calling practices, Defendant acquired the individual's number through skip tracing or another indirect method, *i.e.*, Defendant did not acquire the individual's number from the individual.

15. On information and belief, including the experience of Plaintiff described herein, many of these individuals were called more than once, even after they asked that the calls stop.

### Allegations Specific to Plaintiff Jonsson

16. Defendant repeatedly called Plaintiff Brenda Jonsson's cell phone to try to collect a debt she didn't owe, *i.e.*, the debt was allegedly owed by another person she'd never heard of. Plaintiff began receiving these calls from Defendant in or around May 2013. Prior to receiving these calls, Plaintiff had no relationship with Defendant and had never even heard of USCB.

17. Defendant repeatedly caused Plaintiff's cell phone to be called in an attempt to contact the person who actually owed the alleged debt.

18. The individual Defendant was attempting to reach in causing Plaintiff's cell phone to be called is named or has a name similar to "Shisonia Livingston." Plaintiff is not "Shisonia Livingston," she has never gone by that name or any similar name, she does not know anyone with that name or a similar name, and no one with that or a similar name owns the number assigned to Plaintiff's cellular telephone.

19. Plaintiff has never given anyone with the name "Shisonia Livingston" or similar permission to use her cell phone number as a "can be reached" number.

5
First Amended Complaint – Class Action

20. Defendant predominantly or only used artificial/prerecorded voice messages in the calls it caused to be made to Plaintiff's cell phone, and many if not all of the calls were made using an automatic telephone dialing system, equipment having the capacity to dial Plaintiff's number without human intervention.

21. Plaintiff could hear that the calls she received from Defendant used a prerecorded and/or artificial voice. In particular, messages Defendant left on Plaintiff's cell phone were identical to each other. Further, during some of Defendant's calls, the message would pause, and then, in a different, computerized-sounding voice, identify "Livingston Shisonia" as the party for whom the call was intended, before continuing on with the message in the original voice.

22. Plaintiff could tell that the calls she received from Defendant were made using an autodialer because, in addition to using a prerecorded and artificial voice—which, alone, indicates use of an autodialer—the calls were made repeatedly to her cell phone, including even more than once a day, and frequently if not always via the same (888) 863-9820 number.

23. No human being pressed the digits of Plaintiff's cellular telephone number into a phone to call Plaintiff in connection with the calls she received from Defendant, including the calls Defendant caused to be made to Plaintiff on or around May 14, 2013, May 21, 2013, and May 23, 2013, among other instances. These and other calls were made using an ATDS and an artificial and/or prerecorded voice. Defendant's autodialed and/or artificial or prerecorded voice calls were made via Five9, Inc. and Global Connect, L.L.C.

24. On or about June 6, 2013, Plaintiff called Defendant, including at the (855) 233-6432 number provided in some of its messages as a number to contact if USCB had called the wrong person. Plaintiff was unable to reach a live representative, but left a message asking that USCB stop calling her phone.

6
First Amended Complaint – Class Action

Despite this request, Defendant continued to call Plaintiff's cell phone using an autodialer and/or artificial or prerecorded voice.

25. Plaintiff was damaged by Defendant's calls. Her privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls using up the airtime of her cell phone plan and forcing her to divert attention away from her business, family, and other activities.

## Class Action Allegations

26. Plaintiff brings the TCPA claims pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class (the "Class") defined as follows:

> All persons in the United States whose cellular telephone number, at any time between the date that is four years prior to the filing of this action until certification:
>
> 1. Defendant's records[1] show that Defendant caused that cellular telephone number to be called;
>
> 2. using an artificial or prerecorded voice and/or equipment with the capacity to dial numbers without human intervention;
>
> 3. where the person whom Defendant's records—including those of Defendant's carrier(s) and/or service provider(s) such as Global Connect, L.L.C. or Five9, Inc.—indicate Defendant intended to call was not the party to whom such number actually belonged (i.e., where the number called was a "wrong number").
>
> Excluded from the Class are Defendant, any of Defendant's attorneys, officers, or employees, Plaintiff's counsel, and any member of the judiciary overseeing this action.

---

[1] Defendant's records include those of Defendant's telephone carrier(s) and/or service provider(s) such as Global Connect, L.L.C. or Five9, Inc.

7

First Amended Complaint – Class Action

27. Plaintiff brings the FDCPA and Rosenthal Act claims pursuant to Fed. Civ. P. 23(b)(3) on behalf of a Subclass of the Class identified above, including those persons in the Class called in the one year prior to the filing of this action until certification.

28. Plaintiff is a member of the Class and Subclass. Plaintiff received autodialed and artificial/prerecorded voice calls to her cell phone from or on behalf of Defendant for an individual with a name of or similar to "Shisonia Livingston," and even called the (855) 233-6432 wrong-number notification line provided in Defendant's messages to indicate as such. These details are reflected in the records of Defendant and its third-party service providers.

29. The Class and Subclass are so numerous that joinder of all members is impracticable. On information and belief, Defendant caused more than 100 cell phone numbers to be called in the one year and four year periods prior to the filing of this action using an autodialer and/or artificial or prerecorded voice, where the number called did not belong to the person Defendant intended to call. While the total number and identity of the Class members is at this point unknown, such information is, on information and belief, readily obtainable through the records of Defendant or its carrier(s), and could number in the thousands.

30. Common questions of law or fact exist as to all members of the Class and Subclass and predominate over any questions solely affecting any individual members. Such questions common to the Class and Subclass include but are not limited to:

    a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" as such terms are defined or understood under the TCPA and applicable Federal Communications Commission ("FCC") regulations and orders;

8
First Amended Complaint – Class Action

      b.      Whether Defendant's conduct and policy of calling the cell phones of Plaintiff and the other members of the Class using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice constitutes unfair, unconscionable, and/or harassing conduct in connection with the attempted collection of a debt, in violation of Sections 1692d and 1692f of the FDCPA, and whether the threat of continued calling violated Section 1692e(5) of the FDCPA; and

      c.      Damages, which can be calculated by a mechanical formula, as well as whether Defendant's violations were performed willfully or knowingly such as to warrant treble damages under Section 227(b)(3) of the TCPA.

31. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class and Subclass are the same: Defendant violated the TCPA and the FDCPA by causing the cellular telephone number of each member of the Class, including Plaintiff, to be called using an automatic telephone dialing system and/or artificial or prerecorded voice, in connection with the attempted collection of debts.

32. Plaintiff and her attorneys will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has no interests that might conflict with the interests of the Class and Subclass. Plaintiff will vigorously pursue her claims, and she has retained counsel competent and experienced in class and complex litigation, including cases under the Telephone Consumer Protection Act and Fair Debt Collection Practices Act.

33. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy alleged herein. Class treatment will permit

a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail.  Absent a class action, many members of the Class and Subclass will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.  Courts nationwide frequently grant class certification in cases brought under the TCPA and FDCPA; no difficulties are likely to be encountered in the management of this case as a class action.  If the class is certified under Rule 23(b)(3), Plaintiff anticipates the distribution of mail notice to each class member at their last-known address, or by such other practicable means as circumstances permit.

34. Defendant—in making prerecorded autodialer calls to the cell phones of Plaintiff and the other members of the Class—has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, warranting injunctive or corresponding declaratory relief for the Class as a whole.

35. Prosecution of separate, piecemeal actions by individual members of the Class and Subclass, should they even realize that their rights have been violated, would create the risk of inconsistent results for the same unlawful conduct and practices.

### COUNT I
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

37. As is relevant here, the TCPA prohibits Defendant from making telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

38. "Automatic telephone dialing system" refers to any "equipment which has the capacity … (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC, charged with adopting rules implementing the TCPA, has clarified that an ATDS includes predictive dialers and any other equipment that has "the *capacity* to dial numbers without human intervention." *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2361 (May 13, 2013) (quoting *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14092, para. 132 (2003)) (emphasis in original).

39. Defendant caused equipment having the capacity to dial numbers without human intervention to be used to make telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

40. Defendant also used an artificial and/or prerecorded voice in calls to the cell phones of Plaintiff and the other members of the Class.

41. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA.

42. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation, and a maximum of treble that amount if the Court determines that Defendant's violation of the TCPA was willful or knowing. *See* 47 U.S.C. § 312(f)(1).

11
First Amended Complaint – Class Action

WHEREFORE, Plaintiff Brenda Jonsson, on behalf of herself and the Class, prays for the following relief:

  (a) An order certifying the Class defined above, appointing Plaintiff as representative of the Class, and appointing her attorneys as class counsel;

  (b) An award of damages;

  (c) An injunction prohibiting Defendant from calling Plaintiff's and the Class members' cell phone numbers using an autodialer and/or artificial or prerecorded voice; and

  (d) Such further and other relief the Court deems reasonable and just.

## COUNT II
### Violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*
### (On Behalf of Plaintiff and the Subclass)

43. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

44. Pursuant to the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692f.

45. Additionally, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

46. Under the TCPA, it is illegal to make calls using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service because Congress determined that such calls are a nuisance, an aggravation, an invasion of privacy, costly and inconvenient. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

47. Defendant made calls to Plaintiff and the Class members' cellular telephones using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice for the purpose of attempting to collect consumer debts.

48. Plaintiff and the other class members had their privacy invaded and were harmed by Defendant's calls to their cell phones using equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice.

49. Defendant's use of equipment with the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice to call the cell phones of Plaintiff and the other members of the Class was unfair and harassing, and constituted an unconscionable means of attempting to collect a debt.

50. The FDCPA also prohibits "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

51. Defendant's autodialed and/or artificial or prerecorded voice calls told the recipient, including Plaintiff, to call (855) 233-6432 if Defendant had called the wrong number, so that the called party's telephone number could be removed from the list of numbers to be called. Implicit in this message is the threat that, unless the consumer takes the affirmative step of calling Defendant and notifying it of the wrong number or directly requesting that the calls stop, Defendant will continue to make its autodialed and/or artificial or prerecorded voice calls to the consumer's phone, in violation of Section 227(b)(1)(A)(iii) of the TCPA. As such, Defendant's threat to continue making illegal autodialed and/or artificial or prerecorded voice calls in violation of the TCPA constituted a "threat to take any action that cannot legally be taken[,]" in further violation of Section 1692e(5) of the FDCPA.

13

First Amended Complaint – Class Action

52. USCB has, therefore, violated Sections 1692d, 1692e(5), and 1692f of the FDCPA.

53. USCB's violation of the FDCPA entitles Plaintiff and the Subclass members to an award of damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Brenda Jonsson, on behalf of herself and the Class, prays for the following relief:

  (a) An order certifying the FDCPA Subclass defined above, appointing Plaintiff as class representative, and appointing her attorneys as class counsel;

  (b) Damages as provided under § 1692k of the FDCPA;

  (c) An award of attorneys' fees and costs pursuant to § 1692k of the FDCPA; and

  (d) Such further and other relief the Court deems reasonable and just.

## COUNT III
### Violations of the Rosenthal FDCPA, Cal. Civ. Code §§ 1788 *et seq.*
### (On Behalf of Plaintiff and the Subclass)

54. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

55. The Rosenthal FDCPA provides that, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

56. As alleged herein, Defendant failed to comply with Section 1692d and 1692f of the FDCPA by utilizing unfair, unconscionable, and harassing means of

14
First Amended Complaint – Class Action

attempting to collect a debt through the use of autodialed and/or artificial or prerecorded voice calls to cell phones in violation of the Section 227(b)(1)(A)(iii) of the TCPA.

57. Defendant also violated 15 U.S.C. § 1692e(5)'s prohibition against threatening to take any action that cannot legally be taken, where USCB's calls implicitly threaten that its illegal autodialed and/or artificial or prerecorded voice calls will continue to the recipient's cell phone unless he or she takes affirmative steps to inform USCB that it is calling the wrong number or request that it stop calling.

58. Pursuant to Cal. Civ. Code § 1788.17, USCB's violations of the FDCPA entitle Plaintiff and the Class members to the remedies in 15 U.S.C. § 1692k, including an award of damages, costs, and attorneys' fees.

59. Pursuant to Cal. Civ. Code § 1788.32, the remedies available under the Civil Code "are intended to be cumulative and in addition to any other remedies under any other law."

60. Defendant's acts described above were done willfully and knowingly with the purpose of coercing payment within the meaning of Cal Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff Brenda Jonsson, on behalf of herself and the Subclass, prays for the following relief:

    (a) An order certifying the FDCPA Subclass defined above, appointing Plaintiff as class representative, and appointing her attorneys as class counsel;

    (b) Damages as provided under Section 1692k of the FDCPA, pursuant to Cal. Civ. Code § 1788.17;

1      (c)    An award of attorneys' fees and costs pursuant to Section 1692k of the FDCPA, pursuant to Cal. Civ. Code § 1788.17; and

      (d)    Such further and other relief the Court deems reasonable and just.

Dated:  May 29, 2014                    Respectfully submitted,

BRENDA JONSSON,
individually and on behalf of
all others similarly situated

By:  /s/ Daniel J. Marovitch
One of Plaintiff's Attorneys

Amir J. Goldstein
(Cal. Bar No. 255620)
ajg@consumercounselgroup.com
LAW OFFICES OF AMIR J. GOLDSTEIN
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036
Telephone: (323) 937-0400
Facsimile: (866) 288-9194

Lance A. Raphael*
lance@caclawyers.com
Stacy M. Bardo*
stacy@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington St., Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

16

First Amended Complaint – Class Action

1  Daniel J. Marovitch*
2  dmarovitch@marovitchlaw.com
   MAROVITCH LAW FIRM, LLC
3  233 S. Wacker Dr., 84th Floor
4  Chicago, IL 60606
   Telephone: (312) 533-1605
5  Facsimile: (312) 488-4206
6
   * admitted *pro hac vice*
7
8  *Counsel for Plaintiff*
9
10                     **DEMAND FOR JURY TRIAL**
11     Plaintiff requests a trial by jury of all claims that can be so tried.
12
13  Dated:   May 29, 2014                    Respectfully submitted,
14
                                             BRENDA JONSSON,
15                                           individually and on behalf of
                                             all others similarly situated
16
17
                                             By:   /s/ Daniel J. Marovitch
18                                                 One of Plaintiff's Attorneys
19
20
21
22  Amir J. Goldstein
    (Cal. Bar No. 255620)
23  ajg@consumercounselgroup.com
    LAW OFFICES OF AMIR J. GOLDSTEIN
24  5455 Wilshire Blvd., Suite 1812
25  Los Angeles, CA 90036
    Telephone: (323) 937-0400
26  Facsimile: (866) 288-9194
27
28
                                    17
   First Amended Complaint – Class Action

Lance A. Raphael*
lance@caclawyers.com
Stacy M. Bardo*
stacy@caclawyers.com
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington Street, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

Daniel J. Marovitch*
dmarovitch@marovitchlaw.com
MAROVITCH LAW FIRM, LLC
233 S. Wacker Dr., 84th Floor
Chicago, IL 60606
Telephone: (312) 533-1605
Facsimile: (312) 488-4206

* admitted *pro hac vice*

*Counsel for Plaintiff*

First Amended Complaint – Class Action